UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hennepin Healthcare System, Inc.,
d/b/a Hennepin County Medical Center,

Civ. No. 18-2868 (PAM/DTS)

Plaintiff,

**MEMORANDUM AND ORDER**

v.

Freedom Medical, Inc.,

Defendant.

---

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings and to Dismiss. For the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiff Hennepin County Healthcare System, d/b/a Hennepin County Medical Center ("HCMC"), contracted with Defendant Freedom Medical, Inc., for the provision of medical equipment. HCMC alleges that the equipment was defective and therefore HCMC was forced to cancel the contract. Freedom Medical insists that the parties' agreement did not provide for early termination, and that HCMC's termination activated a contractual provision requiring HCMC to pay the difference between the discount the parties had negotiated for the equipment and the list price for that equipment, or nearly $900,000. HCMC brought this lawsuit in state court seeking a declaration of its rights under the parties' agreements, and Freedom Medical removed the case to this Court, asserting a counterclaim for breach of contract and breach of the implied covenant of good faith and fair dealing.

The parties' contracts are complex. HCMC initially contracted with a medical-equipment wholesaler, Novation, which is now known as Vizient, signing a Group Purchasing Organization Agreement ("GPO Agreement") with Novation/Vizient. Under the GPO Agreement, HCMC is a "Member" and third-party beneficiary to Novent/Vizient's agreements with medical-equipment suppliers such as Freedom Medical. Freedom Medical's contract with Novation/Vizient is called the Capital Equipment Supplier Agreement, and makes Freedom Medical an "approved supplier" under the GPO Agreement. As such, Freedom Medical agreed to provide equipment to "Members" at a rate specified in a pricing list incorporated into the GPO Agreement.

HCMC and Freedom Medical also entered into their own agreement, providing for discounts above those in the GPO Agreement. The parties refer to the HCMC/Freedom Medical agreements as the Equipment Rental Agreement ("ERA") and two Addenda. According to Freedom Medical, the ERA required HCMC to purchase the specified equipment from Freedom Medical for a renewable three-year term, and cancellation required HCMC to pay the difference between the ERA's discounted rate and the GPO rate. According to HCMC, the termination provision from the GPO Agreement was incorporated into the ERA and allowed HCMC to terminate the ERA with 60 days' notice, or for cause with 30 days' notice.

HCMC claims that it began experiencing problems with the equipment Freedom Medical provided in late 2017. (Compl. ¶ 18.) HCMC contends that Freedom did not sufficiently repair the equipment and thus, in March 2018, HCMC decided to terminate the ERA. Freedom Medical argues that HCMC complained that it could get lower prices from

a different vendor, implying that HCMC's contentions regarding the alleged defects is not credible. In April 2018, HCMC filed three incident reports about the equipment with the federal Food and Drug Administration ("FDA"). Those reports were ultimately dismissed, but Freedom Medical contends that HCMC refused to cooperate with Freedom Medical's investigation into the problems, and that refusal forms part of the basis of the good-faith-and-fair-dealing counterclaim.

**DISCUSSION**

A motion for judgment on the pleadings under Rule 12(c), like a motion to dismiss under Rule 12(b)(6), requires the moving party to "clearly establish[] that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The Court must "view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008). When evaluating a motion for judgment on the pleadings "the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are 'necessarily embraced by the pleadings.'" Porous Media, 186 F.3d at 1079 (quoting Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999); Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1148, 1152 (D. Minn. 1997)). The parties do not dispute that the relevant contracts are matters the Court may consider in determining the instant Motion.

HCMC argues first that the contracts impliedly allow HCMC to terminate its relationship with Freedom Medical. But Freedom Medical does not contend that HCMC can never terminate the contract. Rather, Freedom Medical contends that termination before the end of the contracts' term requires HCMC to pay the difference between the price Freedom Medical originally charged and the price in the GPO Agreement pricing list. HCMC disputes Freedom Medical's interpretation of this provision; that dispute is discussed in more detail below.

HCMC also insists that the agreements provide for termination on 60 days' notice, arguing that HCMC gave Freedom Medical 60 days' notice and thus owes Freedom Medical nothing. The 60-day termination provision to which HCMC refers is found in a sample "Equipment Rental Agreement" that is an exhibit to the Capital Equipment Supplier Agreement between Freedom Medical and Novation/Vizient. It is clear that this agreement is a form agreement only, and indeed, the signed Equipment Rental Agreement between HCMC and Freedom Medical is far different from the sample agreement. (Compare Compl. Ex. A with Vettleson Decl. Ex. A at 45-48.)

According to HCMC, the 60-day termination provision in the sample Equipment Rental Agreement applies, because the first Addendum to the Equipment Rental Agreement that the parties actually signed provides that "[t]his Agreement is governed by the terms and conditions of Novation Contract CE2531 Medical Equipment Rental" (the Capital Equipment Supplier Agreement). (Compl. Ex. B.) Thus, according to HCMC, either the termination provision in the Capital Equipment Supplier Agreement—which gives Novation/Vizient the right to terminate with 90 days' written notice (Vettleson Decl.

4

Ex. A § 4.B)—applies, or the 60-day termination provision in the sample Equipment Rental Agreement appended to the Capital Equipment Supplier Agreement applies.

HCMC's argument is unpersuasive. Freedom Medical is not bound to a termination provision in a form contract that neither it nor HCMC signed, and the termination provision in the Capital Equipment Supplier Agreement is clear that it applies to Novation/Vizient alone: "Novation may terminate this Agreement at any time, with or without cause, by delivering not less than ninety (90) days' prior written notice thereof to Supplier." (Id.)

Nor is HCMC correct that the terms of the parties' agreement are unambiguous. HCMC argues that section 7 of the Equipment Rental Agreement allows HCMC to terminate the agreement at any time, with the only penalty that, should HCMC buy equipment from Freedom Medical after termination, HCMC must pay the list price for that equipment. But as Freedom Medical points out, this "penalty" is no penalty at all, and the only logical reading of section 7 is that HCMC must retroactively pay the difference between the negotiated price and the list price for whatever equipment it previously purchased.

The terms of the parties' agreement are susceptible of multiple interpretations. As such, a motion for judgment on the pleadings or to dismiss is inappropriate. The Motion as to the breach-of-contract counterclaim is denied.

HCMC's Motion with respect to the good-faith counterclaim fares no better. "Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not 'unjustifiably hinder' the other party's performance of the contract." In re Hennepin Cty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 502

(Minn. 1995) (citations omitted). Freedom Medical has sufficiently alleged that HCMC unjustifiably hindered Freedom Medical's performance of the parties' contract. Taking Freedom Medical's allegations as true, it has sufficiently stated a claim for breach of the implied covenant of good faith and fair dealing. This part of the Motion should likewise be denied.

**CONCLUSION**

Freedom Medical has sufficiently stated its counterclaims. Accordingly, **IT IS HEREBY ORDERED that** HCMC's Motion for Judgment on the Pleadings or to Dismiss (Docket No. 9) is **DENIED**.

Dated: December 21, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge